IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES A. PETERMAN, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | 2:06-cv-793 |
| v. | ) | |
| | ) | |
| ALLEGHENY LUDLUM | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Now pending before the Court is the MOTION FOR SUMMARY JUDGMENT *(Document No. 19),* with brief in support, filed by Defendant Allegheny Ludlum Corporation ("Ludlum"). Plaintiff James A. Peterman has filed a response and brief in opposition (*Document Nos. 22, 23*), Ludlum has filed a reply brief (*Document No. 24*), and the motion is ripe for disposition.

Factual and Procedural Background

Plaintiff's Amended Complaint asserts claims for wrongful termination due to his age, race, gender, and a real and/or perceived disability under the Age Discrimination in Employment Act ("ADEA") and the Older Worker's Benefit Protection Act, 29 U.S.C. § 621 et seq., the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., Title VII, 42 U.S.C. § 200 et seq.,, and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa.C.S.A. § 955. It is now clear that Plaintiff is presently pursuing only claims for wrongful termination based on his age and a perceived disability. *See* Plaintiff's Brief at 1, 6; Statement of Facts ¶ 157.

Plaintiff began working for Ludlum in 1974, and except for a layoff in 1975, he was continuously employed by Ludlum until his termination on June 25, 2004. Peterman became a general foreman in the 8-3 melt shop in 1995. Peterman received satisfactory performance appraisals from 1995-2002, and did not receive a performance appraisal in 2003 or 2004. However, supervisors consistently noted that improvement was needed in his written communication skills and paperwork. On January 13, 2004, Peterman was suspended from work without pay for five days and received a written reprimand which resulted from performance problems that occurred during his shift.

On the final day of his suspension, Plaintiff called Jerri Durci, the administrative assistant for the 8-3 melt shop, and advised that he would not be reporting back to work because he had "medical issues" and was undergoing tests and evaluations. Durci reported this information to Peterman's supervisors, Lou Koprivnikar and Nazmi Toker. Durci completed several similar "call-off" reports from Peterman in the ensuing weeks. Plaintiff was placed on a medical leave of absence. On March 8, 2004, John Beresek asked about Peterman's status and was informed by the human resources department that Peterman had not seen a doctor from January 25-February 23, that there were doubts about that doctor's qualifications, that Peterman's salary continuance had been suspended and that there was no information as to whether or not Peterman would be returning to work. In April 2004, Ludlum operational managers received an email from the human resources department stating that Peterman had been treated promptly with medication, was expected to be absent for two months, was going to a specialist in mid-April, and did not have a long-term disability. In all other respects, Ludlum maintained information about Peterman's medical condition within the human resources department in accordance with

2

HIPAA confidentiality rules. Plaintiff returned to his prior position on June 7, 2004 with no restrictions. Nobody at Ludlum said anything about his physical or mental condition after his return to work.

Ludlum experienced a series of downsizing moves over several years due to economic hardships which the company faced in conjunction with the obligation in the collective bargaining agreement to maintain a 4:1 ratio of labor to management. In 2004, Ludlum planned to reduce its workforce by more than thirty supervisory employees, including one of the fourteen supervisors in the 8-3 melt shop. To decide which employee would be terminated, Ludlum engaged in a "peer analysis" process, in which a numerical score was calculated for each employee. John Minich, Beresik, Toker and Koprivnikar participated in this process, with Koprivnikar assigning scores for Safety, Quality of Work and Response and Productivity for each of the supervisors. The formula was based 80% on this performance score, 10% on attendance, and 10% on years of service. Peterman received the lowest of the fourteen scores and was therefore selected for termination. Plaintiff attained thirty years of service at Ludlum, with the pension rights accruing with that milestone, on June 16, 2004. Peterman's employment with Ludlum was terminated on June 25, 2004 and his position was not replaced.

Standard of Review

Rule 56(c) of the Federal Rules of Civil Procedure reads, in pertinent part, as follows:

> [Summary Judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

In interpreting Rule 56(c), the United States Supreme Court has stated:

> The plain language . . . mandates entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).

An issue of material fact is genuine only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must view the facts in a light most favorable to the non-moving party, and the burden of establishing that no genuine issue of material fact exists rests with the movant. *Celotex*, 477 U.S. at 323. The "existence of disputed issues of material fact should be ascertained by resolving all inferences, doubts and issues of credibility against the moving party." *Ely v. Hall's Motor Transit Co.*, 590 F.2d 62, 66 (3d Cir. 1978) (*quoting Smith v. Pittsburgh Gage & Supply Co.*, 464 F.2d 870, 874 (3d Cir. 1972)). Final credibility determinations on material issues cannot be made in the context of a motion for summary judgment, nor can the district court weigh the evidence. *Josey v. John R. Hollingsworth Corp.*, 996 F.2d 632 (3d Cir. 1993); *Petruzzi's IGA Supermarkets, Inc. v. Darling-Delaware Co.*, 998 F.2d 1224 (3d Cir. 1993).

When the non-moving party will bear the burden of proof at trial, the moving party's burden can be "discharged by 'showing' -- that is, pointing out to the District Court -- that there is an absence of evidence to support the non-moving party's case." *Celotex*, 477 U.S. at 325. If the moving party has carried this burden, the burden shifts to the non-moving party, who cannot

rest on the allegations of the pleadings and must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Petruzzi's IGA Supermarkets*, 998 F.2d at 1230. When the non-moving party's evidence in opposition to a properly supported motion for summary judgment is "merely colorable" or "not significantly probative," the court may grant summary judgment. *Anderson*, 477 U.S. at 249-250.

Legal Analysis

Age discrimination and disability discrimination claims are analyzed under the familiar McDonnell-Douglas burden-shifting framework. If Plaintiff can make out a prima facie case, the burden shifts to Defendant to articulate a legitimate, non-discriminatory reason for its action, and if so articulated, the burden shifts back to Plaintiff to demonstrate that the employer's stated reason was pretextual. The same legal standards govern the ADEA and PHRA age claims, and ADA and PHRA disability claims, which will therefore be addressed collectively. *Glanzman v. Metropolitan Mgt. Corp.*, 391 F.3d 506, 509 (3d Cir. 2004).

1. Wrongful Termination Due to Age

To establish a prima facie case of age discrimination, Plaintiff must show: (1) that he is in the protected class, i.e., over 40 years old; (2) that he is qualified for the position; (3) that he suffered an adverse employment action; and (4) that he was replaced by a sufficiently younger person, or that younger persons were retained, so as to create an inference of discrimination. *Anderson v. Consolidated Rail Corp.*, 297 F.3d 242, 249 (3d Cir. 2002). Defendant contends

that Plaintiff cannot establish a prima facie case of age discrimination because he was not replaced by a younger employee. Defendant also contends that it asserted a legitimate, non-discriminatory reason for the discharge, namely the result of the peer analysis used for the reduction in force, and that there is no evidence from which a reasonable jury could find that this stated reason was a pretext for discrimination.

The Court agrees with Defendant. As an initial matter, Plaintiff cannot satisfy the last prong of the prima facie case. His position was eliminated as part of a company-wide reduction in force. Of the thirteen supervisors in the 8-3 melt shop who were retained, six were older than Peterman. Thus, there is no basis to infer age discrimination on the ground that Plaintiff was replaced by a younger worker or that younger workers were retained.

Even assuming arguendo that Peterman could establish a prima facie case, there is no evidence of pretext. As Defendant exhaustively illustrates in its original and reply briefs, the record simply does not provide any basis for a reasonable factfinder to doubt Ludlum's stated reason for the discharge. The Court will not second-guess the wisdom or prudence of the employer's decision, or Koprivnikar's subjective evaluations of his subordinates, but instead evaluates whether that decision was motivated by unlawful discrimination. *Fuentes v. Perskie*, 32 F.3d 759, 766-67 (3d Cir. 1994). Based on the repeated criticisms in Peterman's earlier performance reviews regarding his paperwork and his one-week suspension in January 2004, it is not implausible that he scored the lowest on the peer analysis. Plaintiff's proffer of Tom Rafalko as a comparator fails for two reasons: (1) Rafalko worked in a different unit, the 8-7 melt shop; and (2) Rafalko also was terminated as part of the reduction in force. The only evidence which reflects a consideration of age is an organization chart prepared by Sheri Cieslinski, a human

resources administrator. The record is undisputed that Ms. Cieslinski did not participate in the decision to terminate Peterman and that she was conducting an independent review to confirm that the reduction in force was not discriminatory.[1]

In conclusion, Defendant is entitled to summary judgment on the claims that Peterman was wrongfully terminated due to his age.

2.  Wrongful Termination Due to Perceived Disability

To establish a disability discrimination claim under the ADA or PHRA, Plaintiff must show that: (1) he has a "disability"; (2) he is qualified for the position; and (3) suffered an adverse employment action because of that disability (or perceived disability). *Robinson v. Lockheed Martin Corp.*, 212 Fed. Appx. 121, 123 (3d Cir. 2007) (unpublished). A Plaintiff need not have an actual "disability," but may satisfy that prong of the prima facie case test by demonstrating that the employer perceived or regarded him as disabled. *Id.* at 125. That analysis focuses not on Peterman's actual abilities, but on the reactions and perceptions of the persons working with him. *Id.* It is not sufficient for a Plaintiff to show that the employer thought he was impaired in some way; rather, a Plaintiff must show that the employer regarded him as disabled within the meaning of the statute, in that the impairment limits a major life activity. *Wilson v. MVM, Inc.*, 475 F.3d 166, 179 (3d Cir. 2007). To be regarded as substantially limited in the major life activity of working, a Plaintiff must show that the employer regarded him as

---

[1] Plaintiff's deposition testimony that Jim Reidel told him that he overheard unnamed Ludlum employees discussing in April 2004 that Peterman would be terminated is inadmissible hearsay and, in any event, falls far short of establishing that Plaintiff's termination was motivated by discriminatory animus.

being unable to perform more than one particular job. *Robinson*, 212 Fed. Appx. at 125. "The mere fact that an employer is aware of an employee's impairment is insufficient to demonstrate either that the employer regarded the employee as disabled or that that perception caused the adverse employment action." *Id.*

The record in this case overwhelmingly demonstrates that the "perceived disability" claim must fail. Plaintiff admitted during his deposition that none of his supervisors perceived him as having a disability. Moreover, Peterman had returned to work without any restrictions several weeks prior to his termination. *See, e.g., id.* at 125 & n.6 (employee's return to work without restrictions prevents employee from arguing that the employer perceived him as substantially limited in the major life activity of work). There is absolutely no evidence that an actual or perceived disability played any part in the "peer analysis" process. Moreover, for the reasons set forth above, even if Plaintiff were able to make out a prima facie case, he has wholly failed to demonstrate that Ludlum's asserted, non-discriminatory reason for the discharge was pretextual. Defendant is entitled to summary judgment on the Plaintiff's perceived disability claims.

In accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED and DECREED** that the MOTION FOR SUMMARY JUDGMENT *(Document No. 19)* filed by Defendant Allegheny Ludlum Corporation is **GRANTED**. The clerk shall docket this case closed.

SO ORDERED this 18th day of January, 2008.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: George John Steffish, III, Esquire
Email: aaalegalrights@aol.com

David J. Kolesar, Esquire
Email: klngeservice@klng.com